IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| VERA BRASWELL,<br><br>    Plaintiff,<br><br>v.<br><br>BMW FINANCIAL SERVICES, N.A., LLC d/b/a ALPHERA FINANCIAL SERVICES, and CENTRAL CREDIT SERVICES, LLC,<br><br>    Defendants. | Civil Action<br>File No.: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, VERA BRASWELL, by and through the undersigned counsel, and sues Defendants, BMW FINANCIAL SERVICES, N.A., LLC d/b/a ALPHERA FINANCIAL SERVICES, (hereinafter "ALPHERA") and CENTRAL CREDIT SERVICES, LLC, (hereinafter "CCS"), for their willful, intentional, reckless and/or negligent violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and the damages caused thereby.

## JURISDICTION AND VENUE

1.

Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (Federal question jurisdiction).

2.

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District in Cobb County, Georgia. See *Mims v. Arrow Fin. Serv., LLC*, 132 S. Ct. 740, 753 (2012). Plaintiff suffered the injuries alleged in Cobb County Georgia. In addition, this Court has jurisdiction under O.C.G.A. § 9-11-4 et seq.

## PARTIES

3.

Plaintiff, Vera Braswell, ("Plaintiff") is an adult, natural person, a citizen of the State of Georgia, residing in Cobb County Georgia.

4.

Plaintiff is an alleged debtor and a "consumer" as defined by 15 U.S.C. § 1692a(3)

5.

Defendant, BMW Financial Services NA, LLC, d/b/a Alphera Financial Services (hereinafter "Defendant Alphera"), is a foreign limited liability company; created under the laws of the State of Delaware; it is licensed to do business in the State of Georgia and regularly conducts business in said State; and its principal place of business is located at 300 Chestnut Ridge Rd. Woodcliff Lake, NJ 07677 and may be served by service upon its registered agent in Georgia, CT Corporation System 289 S. Culver St. Lawrenceville, GA 30046-4805. Defendant Alphera is a "debt collector" as defined by 15 U.S.C. § 1692a(6) for the purposes of liability under 15 U.S.C. § 1692c (a)(2).

6.

Defendant, Central Credit Services LLC, a Florida limited liability company ("CCS") which does business in the state of Georgia, and specifically contacts by mail and phone individuals who reside in the State of Georgia and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) for the purposes of liability under 15 U.S.C. § 1692c (a)(2). However, CCS is not licensed to do business in the State of Georgia, but conducts such business in Georgia via mail, telephone and interstate commerce and has caused harm and injury to the Plaintiff by acts and results in the State of Georgia in violation of the FDCPA 15 U.S.C. §

1692 et seq. as described herein.  The principal place of business of CCS is 9550 Regency Square Blvd., Suite 500, Jacksonville, Florida 32225 and it may be served through its registered agent, CT Corporation System located at 1200 South Pine Island Road, Plantation, Florida 33324.

## DAMAGES

7.

One of the most basic protections afforded under the FDCPA is the prohibition of communicating with consumers a debt collector knows is represented by counsel. See 15 U.S.C. § 1692c(a)(2). Defendants' conduct has violated the protections afforded by 15 U.S.C. § 1692c(a)(2) and is an unreasonable and illegal intrusion into Plaintiff's attorney-client relationship, causing her injury and harm.

8.

Plaintiff has suffered an injury in fact because her statutory rights have been invaded, her attorney-client relationship with counsel has been strained, and her right to privacy and seclusion has been tread upon.

9.

Further, the Plaintiff is an 80 year old unemployed black woman with a limited education. Defendants actions in violation of the FDCPA 15 U.S.C. § 1692

et seq. as described herein have caused her emotional distress and unnecessary vexation.

## FACTS GIVING RISE TO THIS COMPLAINT

10.

On or around April 20, 2016, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) with Union City Nissan, Inc. to purchase via a retail Installment Sale Contract a 2015 Nissan Rogue auto. At some point, this debt was assigned, transferred or purchased by Defendant Alphera.

11.

After making numerous payments, Plaintiff lost her job on or around July 12, 2017. As such, Plaintiff defaulted on this debt and voluntarily returned the vehicle on November 10, 2017.

12.

By certified letter dated November 13, 2017 Alphera notified Plaintiff of its plan to sell the vehicle. (See attached Exhibit 1, a true and correct copy incorporated herein).

13.

By certified letter dated December 12, 2017 Alphera was notified that Plaintiff was represented by counsel and that all further communications were to be directed to said counsel. This letter was received by Alphera on December 21, 2017. (See attached Exhibits 2 and 3, true and correct copies incorporated herein)

14.

On December 23, 2017 Defendant Alphera sent directly to Plaintiff a dunning letter for the alleged deficiency between the amount of the sale of the vehicle and the alleged debt in the amount of $14,923.52. (See attached Exhibit 4, a true and correct copy incorporated herein).

15.

At some point, Defendant Alphera placed the account with Defendant CCS as their agent for collection purposes. After December 21, 2017 Defendants had or should have had actual and/or constructive notice that Plaintiff was represented by counsel and that all communications were to be directed to said counsel.

16.

Additionally, at some point after December 12, 2017 Plaintiff received a phone call attempting to collect the alleged debt and the Plaintiff referred the caller to counsel's letter dated December 12.

17.

On February 15, 2018 Defendant CCS sent Plaintiff a dunning letter on behalf of Defendant Alphera (identified as BMW Financial Services NA, LLC). See true and accurate copy of said letter attached and incorporated herein as Exhibit 5).

18.

On March 9, 2018 counsel for the Plaintiff sent a SECOND letter demanding that all communications be sent to counsel for the Plaintiff and indicating that the debt was in dispute, demanding a verification of the debt, and giving notice of the prior unauthorized communications with the Plaintiff. A true and accurate copy of this letter dated March 9, 2018 is attached and incorporated herein as Exhibit 6.

19.

On April 2, 2018 Alphera responded to Plaintiff's counsel's letter of March 9, 2018. A true and accurate copy of this letter dated April 2, 2018 is attached and incorporated herein as Exhibit 7. Plaintiff disputes that this letter is a legally adequate verification of the debt and/or a complete and appropriate response.

20.

At all times relevant hereto, Defendants were debt collectors as defined by 15 U.S.C. § 1692a.

21.

At all times relevant hereto, Defendants were attempting to collect a consumer debt from Plaintiff.

22.

At all times relevant hereto, Defendants were acting as debt collectors and for no other business or professional purpose.

23.

Defendants knew (or should have known) Plaintiff was represented by counsel.

24.

Defendants contacted Plaintiff despite knowing she was represented by counsel.

25.

Defendants interfered with Plaintiff's attorney-client relationship with her counsel as shown in paragraphs 12-18 above (incorporated with all Exhibits herein) and violated 15 U.S.C. § 1692c(a)(2) by contacting a consumer Defendants knew (or should have known) was represented by counsel.

26.

Plaintiff (an 80 year old, unemployed black woman) has been caused undue stress by being contacted by debt collectors who knew (or should have known) she was represented by counsel. Defendants' actions were intended to cause Plaintiff harm (or were recklessly and/or negligently carried out without regard to their consequence) and succeeded in so doing.

27.

Defendants aided and abetted each other and /or conspired together to cause the illegal actions and damages described herein in attempts to collect a consumer debt. As such, each Defendant is liable for all actions of the other.

28.

Plaintiff has Article III standing to bring these claims against the Defendants.

29.

Plaintiff is entitled to recover actual damages in an amount to be determined by the trier of fact.

30.

Plaintiff is entitled to recover statutory damages in an amount to deter such future conduct by the Defendants in an amount to be determined by the trier of fact but in excess of $500.00.

31.

Plaintiff is entitled to recover from Defendants her attorneys' fees and expenses of litigation pursuant to 15 U.S.C. § 1692(k).

## DEMAND FOR A JURY TRIAL

32.

Trial by jury is hereby demanded.

WHEREFORE, Plaintiff prays for the following:

a) Actual, exemplary and statutory damages in an amount in excess of $1,000.00;

b) The award of costs and reasonable attorney's fees pursuant to the FDCPA in an amount to be proven at trial but in excess of $3,000.00;

c) Pre- and post-judgment interest, if applicable;

d) Such other and further relief as the Court may deem just, necessary or appropriate.

*[signature on following page]*

This 19th day of July, 2018.

           Goodman McGuffey LLP
           Attorneys for Plaintiff

By:   /s/ WILLIAM DAVIS HEWITT
      WILLIAM DAVIS HEWITT
      GA State Bar No.  350325
      whewitt@GM-LLP.com
      3340 Peachtree Road NE, Suite 2100
      Atlanta, GA 30326-1084
      (404) 264-1500 Phone
      (404) 264-1737 Fax

4610-0001/Doc ID #5033519